■ MICHAEL MORTON, Respondent, v. HOME INSURANCE COMPANY, NEW YORK, Appellant.— Summary judgment entered July 15, 1968, unanimously reversed on the law, order entered June 11, 1968, denying motion for leave to serve an amended answer, unanimously reversed on the law and facts and in the exercise of discretion, with $50 costs and disbursements to the appellant. The motion for summary judgment is denied, and the motion for leave to serve an amended answer is granted. The record shows that the policy containing the agreed valuation was issued by defendant on the basis of a signed application which allegedly contained misrepresentations as to description and purchase price of the boat. The policy was one of marine insurance, and in marine insurance the insured is bound even though no inquiry be made to disclose every fact material to the risk within this knowledge. (*Stecker* v. *American Home First Assur. Co.*, 299 N. Y. 1, 6.) The obligation to disclose includes the duty not to misrepresent. The record in this aspect at least presents a question of fact. In view of the information disclosed on the examination before trial, defendant was justified in waiting to complete the examination before trial of plaintiff and the others involved in the purchase of the boat before moving to amend its answer, and its failure to do so prior thereto was not dilatory or prejudicial. Concur — Stevens, P. J., Capozzoli, Nunez, McNally and Steuer, JJ.

■ In the Matter of PHILIP SHERMAN, Respondent, v. RUSSELL G. OSWALD, as Chairman, Board of Parole, Appellant.— Judgment entered January 30, 1969, directing reinstatement of petitioner-respondent in his prior position with respondent-appellant board as of November 17, 1968, unanimously reversed on the law, without costs and without disbursements, and petition dismissed. The order of this court of November 7, 1968, by which petitioner-respondent's punishment for misconduct was reduced from dismissal to suspension for a total period of two years, the memorandum decision implemented by that order, and the memorandum decision and order of this court of December 4, 1968, denying reargument, all spelled out clearly that it was the court's intention that the reduced punishment was to amount, in effect, to a deprivation of pay for a period of two years. Respondent-appellant board's position is in accord with the court's intention. Concur — Eager, J. P., Capozzoli, Tilzer, Markewich and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. TONY HARRIS, Appellant.— Judgment rendered on May 6, 1968, convicting defendant, upon his plea of guilty, of criminal possession of a narcotic drug in the fourth degree, and sentencing him, after a hearing adjudicating him a narcotic addict, to the care and custody of the Narcotics Addiction Control Commission for a period not exceeding 36 months, unanimously modified, on the law, to the extent of remitting the case for a jury trial on the sole issue of whether the defendant is a narcotic addict and otherwise affirmed. The Court of Appeals recently held, in the case of *People* v. *Fuller* (24 N Y 2d 292, 301) as follows: " We hold that in failing to accord a convicted addict a jury trial on the issue of his addiction, section 208 (subd. 2) of the Mental Hygiene Law violates the equal protection clause of the Fourteenth Amendment. Save in that respect the statute contains no constitutional defect ". Concur — Eager, J. P., Capozzoli, Tilzer, Markewich and Bastow, JJ.